Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
__Middle__ District of __Florida__

__Jacksonville__ Division

| | |
|---|---|
| Kevin Lebaron Blake<br>_____<br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>Lt. Harrell, Sgt. Stokes, Sgt. Dinnarry, Ofc. Nash, Ofc. Thody, Ofc. Burnette, Ofc. (John Doe)<br>(Individual Capacity)<br>_____<br>Defendant(s)<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. __3:21-cv-81-J-20JBT__<br>*(to be filled in by the Clerk's Office)*<br><br>FILED 2021 JAN 21 AM 11:15 |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: ~~Hammett~~ Kevin Lemar Blake
- All other names by which you have been known: None
- ID Number: X85762
- Current Institution: Santa Rosa C.I. Main Unit
- Address: 5850 East Milton Road
  Milton, FL 32583
  City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Harrell
- Job or Title (if known): Lieutenant
- Shield Number: N/A
- Employer: Florida Department of Corrections
- Address: ~~5850 East Milton Road~~ 5964 U.S. Hwy. 90
  ~~Milton~~ Live Oak, FL 32583
  City / State / Zip Code
- [✓] Individual capacity  [ ] Official capacity

Defendant No. 2
- Name: Stokes
- Job or Title (if known): Sergeant
- Shield Number: N/A
- Employer: Florida Department of Corrections
- Address: ~~5850 East Milton Road~~ 5964 U.S. Hwy. 90
  ~~Milton~~ Live Oak, FL 32583
  City / State / Zip Code
- [✓] Individual capacity  [ ] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name: Dinzarre
    Job or Title *(if known)*: Sergeant
    Shield Number: N/A
    Employer: Florida Department of Corrections
    Address: ~~5850 East Milton Road Suwannee C.I.~~ 5964 U.S. Hwy 9
    City: ~~Milton~~ Live Oak
    State: FL
    Zip Code: ~~32583~~ 32060

[✓] Individual capacity    [ ] Official capacity

Defendant No. 4
    Name: Nash
    Job or Title *(if known)*: Officer
    Shield Number: N/A
    Employer: Florida Department of Corrections
    Address: ~~5850 East Milton Road Suwannee~~ 5964 U.S. Hwy. 90
    City: ~~Milton~~ Live Oak
    State: FL
    Zip Code: ~~32583~~ 32060

[✓] Individual capacity    [ ] Official capacity

(See Attachment)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

This 1983 civil rights lawsuit is being filed due to the deprivations of these certain rights granted by the United States and Florida Constitutions: 8th and 14th Amendment Rights to the United States Constitution Art. X. section §13 Fla. Const.
(See Attachment)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I. The Parties to This Complaint

Defendant No. 5
Thady
Officer
N/A
Florida Department of Corrections
5964 U.S. Hwy. 90
Live Oak, FL 32060

Defendant No. 6
Burnette
Officer
N/A
Florida Department of Corrections
5964 U.S. Hwy. 90
Live Oak, FL 32060

Defendant No. 7
Shaw
Officer
N/A
Florida Department of Corrections
5964 U.S. Hwy. 90
Live Oak, FL 32060

II. Basis for Jurisdiction
B. In furtherance, Plaintiff also alleges the torts of Assault, Battery, and Negligence pursuant to §1367 for the malicious and wanton actions of defendants were committed in Bad Faith.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Each defendant acted under "Color of State Law" by using Excessive Use of Force, Cruel and Unusual Punishment, Denial of Due Process, Failure to Intervene, Deliberate Indifference, Equal Protection, Failure to Enforce Policy and Procedure.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose. The events giving rise to my claim(s) arose at Suwannee C.I. Main Unit in Live Oak, FL on January 2, 2018 between the approximate times of 12:20pm - 3:01pm.

C. What date and approximate time did the events giving rise to your claim(s) occur? These events occurred on January 2, 2020 at between the approximate times of 12:20pm - 3:01pm.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* On January 2, 2019 between the approximate times of 12:20pm - 1:20pm the Plaintiff was standing at his cell front, Gulf Dormitory Quad 2 cell 2109. While Plaintiff was standing at his cell front the rest of the Quad was making noise and disturbing the quad. All of a sudden Officer Burnette came into the quad unannounced through the side recreation door. As he entered he stated, for the audio to hear, "If I see you on the door your going on Strip." (Strip or formally called property restriction). As he said this Plaintiff immediately attempted to walk off his cell front. Before he was able to Officer Burnette pointed to his cell and stated, "You, property restriction." Ofc. Burnette then walked off the quad stating that he would return. (See Attachment)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Plaintiff sustained injuries in the form of being separated from state and personal property, left to lay on cold steel in only his boxers for 22 hours and deprived of sleep. Plaintiff was also unjustly exposed to chemical agents causing him temporary breathing issues, burning of skin and eyes, and burning of the throat and lungs from breathing in the chemical agents. Plaintiff also sustained two small abrasions on his inner left and right ankles. Plaintiff sustained all of these injuries without any justification as to why this use of force was implemented. No disciplinary report was ever written to justify any of the events that transpired on January 2, 2020 between 12:20pm - 3:01pm.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.
1.) A declaration that the unconstitutional acts and omissions described herein violated Plaintiff's Bill of Rights under the United States and Florida Constitutions.
2.) Granting Plaintiff compensatory damages in the amount of $250,000 against each Defendant jointly and severally
3.) Granting Plaintiff punitive damages in the amount of 75,000 against each Defendant jointly and severally
4.) Jury trial on all issues triable by jury
5.) Plaintiff seeks recovery of cost in this court
6.) And any additional relief this court deems just, proper, and equitable

~~IV. Statement of Claim~~

D.

12. Officer Burnette returned and approached Plaintiff's cell front along with Officer Nash to assist him in placing Plaintiff on property restriction. Plaintiff pleaded with him that he had done nothing wrong. (It should be noted that their isn't any rules in the Department that state an inmate cannot stand for his own cell front.) Officer Burnette replied, "Cuff up for a cell search." Plaintiff complied with Ofc. Burnette's request. Before being handcuffed he was stripped down to his boxers. Once Plaintiff was stripped to his boxers he was removed from cell 2109 and placed on his knees outside his cell with Ofc. Nash to keep visual over him.

13. Ofc. Burnette entered Plaintiff's cell and began his search of Plaintiff's cell. As Ofc. Burnette was conducting his search officer Thody entered the quad and joined in on the cell search. As they were in the cell they began to throw out Plaintiff's state issued and personal property. Plaintiff heard Ofc. Thody state, "If it was me I'd put him on strip."

14. Once Ofc. Thody made his statement Plaintiff immediately laid flat on the ground outside his cell. When he did this Ofc. Nash placed, to Plaintiff's knowledge, his knee in his back and applied pressure.

15. Several officers began to enter the quad as the use of physical force was called in. Once these officers entered, some of which the Plaintiff could not adequately identify, they placed the Plaintiff in leg restraints (shackles) and Sergeant Stokes along with the other officers that were present picked Plaintiff up and walked him into his assigned cell placing him face down on the front bunk.

16. The officers exited Plaintiff's cell, 2109 G-Dorm, leaving the Plaintiff in his cell secured in hand restraints and shackles while dressed in only my boxer shorts. At that time I declared a psychological emergency for the use of force camera to hear, as well as the fixed wing Quad 2 audio equipment to hear. I placed the restraints in the front and began to speak to the camera advising them that I had illegally been placed on property restriction for no penological purpose. The Plaintiff additionally stated that he was suicidal and due to his mental health background and his psych level he should have immediately been seen by mental health. Instead he was denied his psychological emergency and Nurse T. Godwin was brought in to do a cell front Post-Use-of-Force Exam.

page 5

17. I advised Lt. Harrell that I was not refusing to comply with his order to give up the shackles and place the hand restraints back behind my back, all I wanted was to be ensured that I would be seen by mental health. Lt. Harrell denied the Plaintiff the right to be seen by mental health for a second time. Afterwards Plaintiff was sprayed with chemical agents by Sgt. Dinwau while Sgt. Stokes held the shield in front of cell 2109.

18. The Plaintiff was illegally sprayed with chemical agents, one set of three round bursts, while secured in hand restraints and shackles. Plaintiff was in no way threatening to these officials he just attempted to exercise his right in declaring a psychological emergency in order to be seen by mental health. During this entire use of force the Plaintiff was dressed solely in his boxer shorts.

19. After this use of chemical agents were used the Plaintiff was given a decontamination shower and taken out in the hallway to see Nurse T. Godwin for an additional Post Use of Force Exam. It was documented that Plaintiff received two small abrasions on his left and right inner ankles.

20. After being examined by medical Plaintiff was escorted back his assigned cell. As he approach his cell he was asked to kneel down to have his shackles removed. He comply with staff directives. After the shackles were removed Plaintiff stood and entered his cell. Once inside his cell Plaintiff refused to give up the hand restraints until his psychological emergency was addressed.

21. At that time Lt. Harrell denied Plaintiff his psych emergency and turned to the Use of Force camera operator, Officer Shaw and address the camera then had the video footage discontinued. After the footage was stopped all officials left off the quad except for Ofc. Shaw who eventually talk the Plaintiff into giving back the hand restraints. Plaintiff's psychological emergency was never addressed.

22. Plaintiff never received any disciplinary report to justify the 72 (seventy-two) hours the Plaintiff was forced to spend in cell 2109 separated from his state issued and personal property, deprived of sleep, and left to lay on cold steel. Additionally Plaintiff was unjustly exposed to chemical agents in which he received no disciplinary report to justify the use of chemical agents against the Plaintiff.

page 5

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

### VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). *Suwannee Correctional Institution Main Unit*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

At Suwannee C.I. Main Unit

2. What did you claim in your grievance? I claimed that the above mentioned Defendants acted under "Color of State Law" by illegally placing Plaintiff on property restriction and illegally spraying Plaintiff with chemical agents while secured in hand restraints and shackles. Plaintiff explained that all of this was done without providing Plaintiff with a disciplinary report to justify placement on property restriction and the use of chemical agents.

3. What was the result, if any? None of my grievances were answered or returned back to the Plaintiff. Furthermore, Plaintiff never received a receipt to show that his grievances were ever submitted to the grievance coordinator.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
Plaintiff started at the institutional level on a request form. Plaintiff never received receipt or response so Plaintiff continued the grievance procedure by filing a formal grievance to the Warden. Again no receipt or response was ever provided. Plaintiff again continued the grievance procedure by filing a formal grievance to the Secretary of the Dept. of Corr. No receipt or response was ever provided so Plaintiff proceeded with this action.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

K. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

C. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) *Kevin Leamear Blake*

   Defendant(s) *J.M. Martin, T. Wyatt, W. Howard Jr., Spivey, S. Watson, Cannon, Greene*

2. Court *(if federal court, name the district; if state court, name the county and State)*

   *Middle District*

3. Docket or index number

   *3:18-cv-00081-MMH-JBK*

4. Name of Judge assigned to your case

   *Magistrate Judge James R. Klindt*

5. Approximate date of filing lawsuit

   *March 2018*

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition. *Preparing Settlement Agreement*

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)* *Both parties agreed upon a sufficient settlement.*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) *Kevin Lemar Blake*
   Defendant(s) *N. Crawford, E. Black, D. Edwards, Archie*

2. Court *(if federal court, name the district; if state court, name the county and State)*

   *Middle District*

3. Docket or index number
   *3:19-cv-00141-TSC-MCR*

4. Name of Judge assigned to your case
   *T.S.C. and M.C.R.*

5. Approximate date of filing lawsuit
   *January 2019*

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition *Preparing Settlement Agreement*

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)* *Both parties agreed upon a sufficient settlement.*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff: *Kevin Blake*
Printed Name of Plaintiff: Kevin Leonard Blake
Prison Identification #: X88762
Prison Address: 5850 East Milton Road
Milton, FL 32583
   City    State    Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
   City    State    Zip Code
Telephone Number: _____
E-mail Address: _____

Page 11 of 11